FkeemaN, J.,
delivered the opinion of the court.
The questions in this case are, whether the note for $530 given by Martin to Ross, of date April 1, 1861, due twelve months after date, payable at the Branch of the Union Bank at Memphis, was given for the land claimed by Thomas and wife; and whether it is a lien on said land.
Ross bought the land of Nance, and, as appears from deeds filed, sold it on 'the 1st day of April, 1861, (or at any rate conveyed it on that day) to Martin, for the sum of $3,000, which is recited in the deed to have been paid, and the receipt acknowledged. Martin sold the property on the 30th of May, 1862, to Mrs. Becktel, for the consideration, as stated in the deed, of $2,000, of which $1,500 were paid in cash, “and $500 assumed, and to be paid to W. B. Ross, who holds my note for that amount.” Becktel and wife sold to Thomas and wife, the present defendants, July 20th, 1867, for $2,500, which is acknowledged on the face of the deed to have been received. These last two deeds are presented by Thomas and , wife with their answer, and it may be assumed that they are charged with notke of the facts recited in the one from Martin to Mrs. Becktel. .
The question is, whether, under the settled rules of law, the facts shown prove that the note for $530 was part of the consideration for the land, to be paid by Mai’tin.
*313 The answers being only upon information and belief, simply make an issue between the parties, — the burden of making out the case by a reasonable preponderance of evidence resting on the complainants.
Under the decision of this court in the case of Bayliss v. Williamson, 6 Col., 440, and on principle, the receipt on the face of the deed of Ross establishes the fact prima fade, that the whole consideration money was paid: and if Thomas and wife are charged with notice of the recitals in the deed of Martin to Mrs. Becktel as being a link in their chain of title, they must also be entitled to the benefit of this re-. cital in the deed of Ross, as evidence that the money was paid; — not however, to sustain the plea of innocent purchaser, which they have failed to secure the benefit of by proper averments, but as bearing on the question of fact, whether this debt exists or not against the land they have bought and paid for, as shown by the recital in their deed.
Now to rebut this prima facie case, — that is, a case standing until overturned by a superior weight of testimony, — we have a note, not for $500, but for $530, found among Ross’s papers, given by Martin, and of the same date as Ross’s deed to Martin; and the recital in the deed of Martin to Becktel, that the latter assumed to pay $500 to Ross, for which Ross held his note.
The note being of the same date might lead us to suppose it was given for the land; but the receipt on the face of the deed surely must balance such an inference, when coupled with the fact that it would *314 have been most natural to say, if the fact was. so, that so much money was paid and a note given for the balance, as was done in Martin’s deed to Mrs. Bechtel, where $1,500 are recited as paid, and $500 as assumed to be paid to Ross.
In addition, as a circumstance of some weight, it is to be noted that the note to be paid by Bechtel is for $500, while the note presented is for $530, payable at the Branch of the Union Banh in Memphis.
Without pressing the argument further, or attempting to reply to the very ingenious presentation of the case by the complainants’ counsel, it suffices to say that we cannot feel that there is a preponderance of evidence in favor of the complainants. The evidence leaves the case so nearly in equilibrio that we are compelled to hold that it is not made out. Reverse the decree and dismiss the bill.